## NORTHERN TRUST CO. OF CHICAGO v. EDENBORN.

### No. 527.

District Court, W. D. Louisiana, Shreveport Division. Jan. 23, 1941.

Herold, Cousin & Herold, of Shreveport, La., for plaintiff.

Wise, Randolph, Rendall & Freyer, of Shreveport, La., for defendant.

DAWKINS, District Judge.

In the above-numbered and entitled cause, the plaintiff has filed a motion to be permitted to withdraw certain gold bonds of the United States in the sum of $10,000 deposited in lieu of a surety upon the bond given under a restraining order or preliminary injunction granted in this cause, but which was subsequently vacated by the decree and mandate of the Court of Appeals for the Fifth Circuit. The cause went to final judgment rejecting the demands of the plaintiff.

It is true, as alleged in the motion, that no suit upon the bond has been filed in this court, but in her return or answer to the motion, the defendant has shown by attaching copies of the proceedings that she has filed suit to recover of the plaintiff in the case in this court damages in the way of costs and attorneys' fees incurred in setting aside the restraining order. It also appears that in another suit in the state court, Mrs. Edenborn has reconvened for a much larger sum of money on other grounds, as well as for these alleged damages, and in the alternative for the sum of $17,267.97, alleged to have been incurred in the case in this court as costs and attorneys' fees.

The defendant therefore asks that the motion be denied until these suits in the state court can be disposed of.

Neither side has cited a case directly in point, that is, where cash or securities, the equivalent of cash, were deposited in lieu of surety upon an injunction or restraining order bond. However, I can see little difference between this situation and one in which, after a case had become final, an application might be made to cancel an ordinary injunction bond with proper surety. Counsel for the defendant have cited the case of Sperry & Hutchinson Co. v. City of Tacoma, D.C., 205 F. 641, 643, in which it was sought under similar circumstances to cancel a bond in a federal court after suit had been filed thereon in the state court. In disposing of the matter, the court said: "The obligee in the bond having elected to begin a regular action at law in the state court—a court of general jurisdiction—before the making of the motion herein, in which action plaintiff herein has joined issue, comity, reason, and authority unite in requiring this court to refuse, in the exercise of its discretion, to entertain this motion, without regard to its power, leaving the parties to the state tribunal for the determination of the question of liability upon the bond. 15 Cyc. 262 (VII), and citations, note 66. This motion is denied."

To permit withdrawal of the cash or securities deposited in lieu of a surety would destroy the protection which was thus provided and leave the defendant to her recourse alone against the principal therein.

My conclusion is that the motion should be denied at this time with reservation of the right to the plaintiff, if the defendant should fail to prosecute her action in the state court or if it should be decided adversely to her, to renew the application for withdrawal of the Government bonds in the present case.

Proper decree should be presented.